IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANIEL QUINO-MORENTE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-2241-RP |
| | § | |
| TODD BLANCHE, *in his official capacity as Acting Attorney General of the United States*, et al., | § | |
| | § | |
| | § | |
| Respondents. | § | |

**TRANSFER ORDER**

Before the Court is the above-entitled cause of action. Petitioner Daniel Quino-Morente ("Petitioner") filed his Petition for a Writ of Habeas Corpus, (Dkt. 1), on August 14, 2026. Petitioner brings a petition under 28 U.S.C. § 2241 challenging his detention as a violation of the Constitution and federal statutes. (*Id.*). Petitioner alleged he was detained at the Burnet County Jail. (*Id.* at 3). On August 18, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause as to why Petitioner's Petition should not be granted. (Dkt. 3).

On August 21, 2026, Respondents Todd Blanche, Sylvester Ortega, Markwayne Mullin, and David Venturella (collectively, "Respondents")[1] filed a response in opposition. (Dkt. 5). In their Response, Respondents represent that Petitioner was transferred out of the Western District of Texas on August 9, 2026, prior to when Petitioner filed his Petition with this Court. (*Id.* at 1–2). Petitioner was transferred to the Port Isabel Service Processing Center in Cameron County, Texas on August 11, 2026, where he is currently detained. (*Id.* at 1–2). The Supreme Court has held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). *See also Trump v. J.*

[1] The Response is filed only on behalf of the federal employees in this action. (Resp., Dkt. 5, at 2 n.1).

*G. G.*, 604 U.S. 670, 672 (2025) (quoting *Rumsfeld*, 542 U.S. at 443 and similarly concluding that for core habeas petitions, jurisdiction lies in only one district: the district of confinement). Because Petitioner was moved to the Southern District of Texas *before* the filing of this action, this Court lacks jurisdiction over his habeas petition. *See Rumsfeld*, 542 U.S. at 441 ("When the Government moves a habeas petitioner *after* she properly filed a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.") (emphasis added).

The relevant venue statute provides that when a case is filed in the wrong district, the district court "shall dismiss, or, if it be in the interest of justice, transfer such case to any district or division on which it could have been brought." 28 U.S.C. § 1406(a). Similarly, § 1404(a) grants a district court discretion "for the convenience of the parties and witnesses, in the interest of justice [to] transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Given that Petitioner is confined in the Southern District of Texas, and that this case should have been filed in that district in the first instance, transfer of the case is proper pursuant to both §§ 1406(a) and 1404(a).

Accordingly, because the Port Isabel Service Processing Center is located in Cameron County, Texas, **IT IS ORDERED** that this case is **TRANSFERRED** to the Brownsville Division of the Southern District of Texas.

**SIGNED** on September 1, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE